IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MILDRED K. COE, individually
and as Executrix of the
Estate of WILLIAM W. COE, JR.,

    Plaintiff,

v.                                                       Civil Action No. 5:04CV8
                                                                       (STAMP)

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING MAGISTRATE JUDGE'S ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SANCTIONS**

I.  Background

Following a period of discovery, the plaintiff in the above-styled civil action filed a motion for sanctions against Liberty Mutual Fire Insurance Company ("Liberty Mutual") for failing to make certain required disclosures. Pursuant to 28 U.S.C. § 636(b)(1)(A), the plaintiff's motion was referred to United States Magistrate Judge James E. Seibert for resolution. The magistrate judge held oral argument on the plaintiff's motion and entered an order finding that Liberty Mutual had, in fact, failed to make complete disclosures as prescribed by Federal Rule of Civil Procedure 37. Accordingly, the magistrate judge imposed sanctions in the form of costs and fees incurred in the four depositions that Liberty Mutual's actions rendered incomplete.

Defendant Liberty Mutual filed a timely objection to the magistrate judge's order. Liberty Mutual does not object to the award of sanctions, but limits its objection to a single sentence contained in the order: "The fact that Liberty was repeatedly made aware that the claim file was not complete and still did not produce the entire claim file is not a lack of diligence but rather bad faith." Order at 4. After carefully considering Liberty Mutual's objection to the magistrate judge's order, this Court finds the order to be without clear error.

## II. Discussion

A district court reviews a magistrate judge's order in a pretrial matter pursuant to a clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A); Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985)(scope of review for non-dispositive pretrial motions is clearly erroneous).

Here, Liberty Mutual argues that the magistrate judge erred when he stated that repeatedly failing to make a complete disclosure constituted bad faith, instead of recognizing it to be a case of simple neglect. To support its contention, Liberty Mutual argues that its failure to disclose did not involve a protracted dispute over the same set of particular documents, but several discrete sets of documents that were ultimately produced within a single month. Further, Liberty Mutual notes that it

offered to pay the plaintiff for any costs incurred as a result of delayed production.

Notwithstanding Liberty Mutual's assertions, this Court does not find the magistrate judge's order to be clearly erroneous. The magistrate based his finding of bad faith on the fact that Liberty Mutual made incomplete disclosures to the plaintiff's request for documents on four successive occasions within the span of three weeks. The magistrate judge found that Liberty Mutual continued to make incomplete disclosures even after it was notified by the plaintiff of the problem. This Court finds that these facts, alone, are evidence of bad faith. Accordingly, the magistrate judge did not clearly err in his finding of bad faith, and his March 31, 2005 order is hereby AFFIRMED in its entirety.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: May 17, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE